# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

JOANNA BROOKS
        **Plaintiff,**

                              **CASE NO. 20-cv-35**

    **v.**

SHERMAN PHOENIX LLC,
SHERMAN PHOENIX I LLC,
JOANNE SABIR,
    and
JULI KAUFMANN

        **Defendants.**

## COMPLAINT

## PRELIMINARY STATEMENT

1.    This is an action brought on by Plaintiff Joanna Brooks ("Plaintiff Brooks") against Defendants Sherman Phoenix LLC, Sherman Phoenix I LLC (collectively "Sherman Phoenix"), Joanne Sabir ("Sabir"), and Juli Kaufmann ("Kaufmann").

2.    Plaintiff Brooks, was employed by Defendants between approximately January 2018 and February 2019. Despite performing her work at the direction and behest of Defendant Sabir during that time, Defendants regularly failed to compensate Plaintiff Brooks for such work. As a result of Defendants' failures, Defendants have violated the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin wage and hour laws as it pertains to the payment of minimum wages and Wisconsin wage and hour laws as it pertains to the payment of

agreed-upon wages. Alternatively, Defendants have breached a contract of employment with Plaintiff Brooks in failing to pay her for her work performed.

3.      Plaintiff Joanna Brooks brings this action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") and under Wisconsin's wage laws for the purpose of obtaining relief under the FLSA and Wisconsin's wage laws for unpaid agreed-upon wages, unpaid minimum wages, liquidated damages, civil penalties, declaratory judgment, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

## JURISDICTION AND VENUE

4.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA.

5.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants Sherman Phoenix, Kaufmann, and Sabir are located in and have substantial and systematic contacts in this district.

## PARTIES

7.      Defendant Sherman Phoenix LLC is a Wisconsin Limited Liability Company with a principal place of business located in Milwaukee, Wisconsin.

Sherman Phoenix LLC's registered agent is Jacqueline G. Hrovat located in Milwaukee, Wisconsin.

8.      Defendant Sherman Phoenix I LLC is a Wisconsin Limited Liability Company. Sherman Phoenix I LLC's registered agent is Jacqueline G. Hrovat located in Milwaukee, Wisconsin.

9.      Defendant JoAnne Sabir is an adult resident of the State of Wisconsin residing in Milwaukee County. Defendant Sabir is a principal and/or co-developer of Sherman Phoenix who has had operational control over all aspects of its business, including human resources and pay practices, at all times since January 2018.

10.     Defendant Juli Kaufmann is an adult resident of the State of Wisconsin residing in Milwaukee County. Defendant Kaufmann is a principal and/or co-developer of Sherman Phoenix who has had operational control over all aspects of its business, including human resources and pay practices, at all times since January 2018.

11.     Defendants Sherman Phoenix, Kaufmann, and Sabir are joint employers and will be collectively referred to herein as "Defendants."

12.     Plaintiff Joanna Brooks is an adult resident of Milwaukee County in the State of Wisconsin, who was formerly employed by Defendants between January 2018 and February 2019.

## GENERAL ALLEGATIONS

13.　Sherman Phoenix is a for-profit, commercial real-estate development that leases business space to small businesses within the Sherman Park neighborhood in Milwaukee, Wisconsin.

14.　Defendants Sabir and Kaufmann have acted as principals in Sherman Phoenix at all times since it was founded and have shared operational control over all aspects of its business – including human resources and payroll functions – since that time.

15.　In October 2017, Defendant Sabir offered to employ Plaintiff Brooks in a staff position responsible for handling the administration related to lessees' transition to the Sherman Phoenix's commercial space.

16.　At the time of her employment offer to Plaintiff Brooks, Defendant Sabir inquired with Plaintiff Brooks regarding an amount of pay that Plaintiff Brooks would require to accept the offered position.

17.　Plaintiff Brooks responded that she would accept the position for an annual salary of $50,000.00.

18.　Defendant Sabir never provided a counteroffer or rejected Plaintiff Brooks' salary requirements but rather continued to discuss details of the position with Plaintiff Brooks.

19.　Shortly thereafter, beginning on or around January 8, 2018, Plaintiff Brooks began working for Defendants as its Entrepreneurship Program Manager - a position Mrs. Brooks remained in until November 2018.

20.     As Sherman Phoenix's Entrepreneurship Program Manager, Defendants suffered or permitted Plaintiff Brooks to work approximately ten to twenty hours per workweek at the direction of Defendant Sabir.

21.     Plaintiff Brooks' job duties included, but were not limited to, meeting with prospective tenants, Defendant Sabir, Sherman Phoenix consultant Jessie Tobin, and potential community partners to discuss business opportunities with Sherman Phoenix and help to develop an entrepreneurship program for Sherman Phoenix's tenants and prospective tenants.

22.     In November 2018, Defendant Sabir promoted Plaintiff Brooks to Sherman Phoenix's Director of Tenant Engagement in advance of Sherman Phoenix's grand opening.

23.     While Plaintiff Brooks continued to work at the direction of Defendant Sabir, her duties as the Director of Tenant Engagement included, but were not limited to, acting as the primary point of contact for Sherman Phoenix's tenant inquiries and issues; responding to emails on behalf of Sherman Phoenix; assisting in implementing community engagement programs; working with Sherman Phoenix's construction site supervisor regarding tenant concerns and needs; overseeing and coordinating with Events Coordinator, Rolanda Fowler; and managing Sherman Phoenix's social media accounts.

24.     Defendants suffered or permitted Plaintiff Brooks to work as Defendants' Director of Tenant Engagement for approximately twenty hours per workweek – with a maximum of roughly forty hours during the week of Sherman

Phoenix's grand opening – until on or around February 12, 2019 when she resigned her employment by Sherman Phoenix.

25.     Throughout her employment for Defendants, Defendants failed to pay Plaintiff Brooks at the amounts agreed-upon between Defendant Sabir and Plaintiff Brooks at the outset of her employment as Defendants' Entrepreneurship Program Manager.

26.     Defendants failed to pay Plaintiff Brooks on any regular basis for her work for Defendants and instead provided her with only two to three intermittent payments throughout the nearly one-year period of Plaintiff Brooks' employment with Defendants.

27.     Defendants failed to track or otherwise maintain records of the hours of work performed by Plaintiff Brooks during her employment for Defendants.

28.     As a result of the foregoing, Defendants have failed to properly compensate Plaintiff Brooks at the applicable minimum wage rate for all hours worked in violation of the FLSA and Wisconsin wage and hour laws.

29.     Additionally, Defendants have failed to compensate Plaintiff Brooks at her agreed-upon wage rates as required by Wisconsin wage and hour laws.

30.     Defendants' conduct, as set forth in this Complaint, was willful, dilatory, unjust, and in bad faith, and has caused significant damages to Plaintiff Brooks in the loss of compensation owed for her work.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act – Unpaid Minimum Wages

31.     Plaintiff Brooks reasserts and incorporates by reference all preceding paragraphs as if restated herein.

32.     Since approximately January 8, 2018, Plaintiff Brooks was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

33.     Since approximately January 8, 2018, Sherman Phoenix was and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(r)(1).

34.     Between approximately January 8, 2018 and February 12, 2019, Plaintiff Brooks was an employee within the meaning of 29 U.S.C. § 203(e).

35.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix LLC was an employer of Plaintiff Brooks as provided under 29 U.S.C. § 203(d).

36.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix I LLC was an employer of Plaintiff Brooks as provided under 29 U.S.C. § 203(d).

37.     Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir was an employer of Plaintiff Brooks as provided under 29 U.S.C. § 203(d).

38.     Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann was an employer of Plaintiff Brooks as provided under 29 U.S.C. § 203(d).

39.     Since January 8, 2018, Defendants have violated the FLSA by failing to pay Plaintiff Brooks at the mandated minimum wage rate for each hour worked for Defendants.

40.     Plaintiff Brooks is entitled to damages equal to the mandated minimum wage for all hours she worked while employed by Sherman Phoenix.

41.     Sherman Phoenix's failure to properly compensate Plaintiff Brooks and failure to properly record all compensable work time was willfully perpetrated and Plaintiff Brooks is therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Section 216(b) of the FLSA.

42.     Alternatively, should the Court find that Defendants did not act willfully in failing to pay minimum wages, Plaintiff Brooks is entitled to an award of pre-judgment interest at the applicable legal rate.

43.     Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiff Brooks is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid minimum wages.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin Law – Unpaid Overtime Wages

44.     Plaintiff Brooks re-alleges and incorporates by reference all preceding paragraphs as if restated herein.

45.     Between approximately January 8, 2018 and February 12, 2019, Plaintiff Brooks was an employee within the meaning of Wis. Stat. §§ 109.01 *et seq.*

46.     Between approximately January 8, 2018 and February 12, 2019, Plaintiff Brooks was an employee within the meaning of Wis. Stat. §§ 103.001 *et seq.*

47.     Between approximately January 8, 2018 and February 12, 2019, Plaintiff Brooks was an employee within the meaning of Wis. Stat. §§ 104.001 *et seq.*

48.     Between approximately January 8, 2018 and February 12, 2019, Plaintiff Brooks was an employee within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

49.     Between approximately January 8, 2018 and February 12, 2019, Plaintiff Brooks was an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

50.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

51.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

52.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix was an employer within the meaning of Wis. Stat. §§ 104.001 *et seq.*

53.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

54.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

55.     Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

56.     Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

57.     Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir has been an employer within the meaning of Wis. Stat. §§ 104.001 *et seq*.

58.     Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir has been an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

59.     Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

60.     Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

61.     Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

62.     Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann was an employer within the meaning of Wis. Stat. §§ 104.001 *et seq.*

63.     Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

64.     Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

65.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 109.01 *et seq.*

66.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 103.001 *et seq.*

67.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 104.01 *et seq.*

68.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix employed Plaintiff Brooks within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

69.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix employed Plaintiff Brooks within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

70.     Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 109.01 *et seq.*

71.     Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 103.001 *et seq.*

72.     Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 104.01 *et seq.*

73.     Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir employed Plaintiff Brooks within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

74.     Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir employed Plaintiff Brooks within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

75.     Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 109.01 *et seq.*

76.     Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 103.001 *et seq.*

77.     Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 104.01 *et seq.*

78.     Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann employed Plaintiff Brooks within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

79.     Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann employed Plaintiff Brooks within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

80.     Between approximately January 8, 2018 and February 12, 2019, Plaintiff Brooks regularly performed work for Defendants without receiving compensation for all of her hours worked at the minimum wage rates mandated by Wisconsin wage and hour laws.

81.     Between approximately January 8, 2018 and February 12, 2019, Defendants were willful, dilatory, and unjust in failing to properly pay Plaintiff Brooks at least the mandated minimum wage rate for all hours worked for Defendants.

82.     Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

83.     The foregoing conduct of Defendants, as alleged above, constitutes continuing, dilatory, and unjust violations of Wisconsin's regulations and laws requiring the payment of minimum wages.

84.     As set forth above, Plaintiff Brooks has sustained losses in her compensation as a direct result of Defendants' violations. Accordingly, Plaintiff Brooks seeks damages in the amount of her respective unpaid minimum wage compensation, a declaratory judgment declaring Defendants' actions as alleged herein to be in violation of Wisconsin law, and such other legal and equitable relief as the Court deems just and proper.

85.     Under Wis. Stat. § 109.11, Plaintiff Brooks is entitled to civil penalties equal and up to fifty percent of her unpaid minimum wages.

86.     Under Wis. Stat. § 109.03(6), Plaintiff Brooks is entitled to recovery of attorneys' fees and the costs incurred in this action to be paid by Defendants.

**THIRD CLAIM FOR RELIEF**
**<u>Violations of Wisconsin Law – Unpaid Agreed-Upon Wages</u>**

87.     Plaintiff Brooks re-alleges and incorporates by reference all preceding paragraphs as if restated herein.

88.     Between approximately January 8, 2018 and February 12, 2019, Plaintiff Brooks was an employee within the meaning of Wis. Stat. §§ 109.01 *et seq.*

89.     Between approximately January 8, 2018 and February 12, 2019, Plaintiff Brooks was an employee within the meaning of Wis. Stat. §§ 103.001 *et seq.*

90.     Between approximately January 8, 2018 and February 12, 2019, Plaintiff Brooks was an employee within the meaning of Wis. Stat. §§ 104.001 *et seq.*

91.     Between approximately January 8, 2018 and February 12, 2019, Plaintiff Brooks was an employee within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

92.     Between approximately January 8, 2018 and February 12, 2019, Plaintiff Brooks was an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

93.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

94.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

95.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix was an employer within the meaning of Wis. Stat. §§ 104.001 *et seq.*

96.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

97.     Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

98.     Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

99.     Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

100.     Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir has been an employer within the meaning of Wis. Stat. §§ 104.001 *et seq.*

101.     Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir has been an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

102. Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

103. Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

104. Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

105. Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann was an employer within the meaning of Wis. Stat. §§ 104.001 *et seq.*

106. Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

107. Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

108. Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 109.01 *et seq.*

109.    Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 103.001 *et seq.*

110.    Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 104.01 *et seq*.

111.    Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix employed Plaintiff Brooks within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

112.    Between approximately January 8, 2018 and February 12, 2019, Sherman Phoenix employed Plaintiff Brooks within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

113.    Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 109.01 *et seq.*

114.    Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 103.001 *et seq.*

115.    Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 104.01 *et seq.*

116. Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir employed Plaintiff Brooks within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

117. Between approximately January 8, 2018 and February 12, 2019, Defendant Sabir employed Plaintiff Brooks within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

118. Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 109.01 *et seq.*

119. Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 103.001 *et seq.*

120. Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann employed Plaintiff Brooks within the meaning of Wis. Stat. §§ 104.01 *et seq.*

121. Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann employed Plaintiff Brooks within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

122. Between approximately January 8, 2018 and February 12, 2019, Defendant Kaufmann employed Plaintiff Brooks within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

123. Between approximately January 8, 2018 and February 12, 2019, Plaintiff Brooks regularly performed work for Defendants without receiving compensation for all of her hours worked at the wages agreed-upon between Defendants and Plaintiff Brooks.

124. Between approximately January 8, 2018 and February 12, 2019, Defendants were willful, dilatory, and unjust in failing to properly pay Plaintiff Brooks her agreed-upon wage rates for all hours worked for Defendants.

125. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

126. The foregoing conduct of Defendants, as alleged above, constitutes continuing, dilatory, and unjust violations of Wisconsin's regulations and laws requiring the payment of agreed-upon wages.

127. As set forth above, Plaintiff Brooks has sustained losses in her compensation as a direct result of Defendants' violations. Accordingly, Plaintiff Brooks seeks damages in the amount of her respective unpaid agreed-upon wage compensation, a declaratory judgment declaring Defendants' actions as alleged herein to be in violation of Wisconsin law, and such other legal and equitable relief as the Court deems just and proper.

128. Under Wis. Stat. § 109.11, Plaintiff Brooks is entitled to civil penalties equal and up to fifty percent of her unpaid agreed-upon wages.

129. Under Wis. Stat. § 109.03(6), Plaintiff Brooks is entitled to recovery of attorneys' fees and the costs incurred in this action to be paid by Defendants.

## ALTERNATE, FOURTH CLAIM FOR RELIEF
### Breach of Contract

130.    Plaintiff Brooks re-alleges and incorporates by reference all preceding paragraphs as if restated herein.

131.    Defendants entered in to an oral employment contract with Plaintiff Brooks before she was hired as Sherman Phoenix's Entrepreneurship Program Manager beginning in January 2018.

132.    Defendants have failed to pay Plaintiff Brooks according to the terms of their oral contract for employment.

133.    Plaintiff Brooks has sustained losses in her compensation due to Defendants' breach of contract and seeks all wages due to her under her oral contract of employment with Defendants.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff Brooks hereby respectfully requests the following relief:

a) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations;

b) An Order finding that Defendants violated the FLSA and Wisconsin wage and hour laws and regulations;

c) An Order finding that these violations were willful, dilatory, and unjust;

d) Judgment against Defendants in the amount equal to Plaintiff Brooks' unpaid wages at the applicable minimum wage and/or agreed-upon wage rates;

e) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

f) An award in the amount of all costs and attorneys' fees incurred prosecuting these claims as well as pre-judgment and post-judgment interest;

g) Alternatively, an Order finding that Defendants breached their contract of employment with Plaintiff Brooks and awarding Plaintiff Brooks all compensation due under such contract; and

h) Such further relief as the Court deems just and equitable.

Dated this 8th day of January 2020.

Respectfully submitted,

**HAWKS QUINDEL S.C.**
Attorneys for Plaintiffs


By: _s/ Timothy P. Maynard_
Timothy P. Maynard, SBN 1080953
Larry A. Johnson, SBN 1056619
Summer H. Murshid, SBN 1075404

Hawks Quindel, S.C.
222 East Erie Street, Suite 210
PO Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
Email:    tmaynard@hq-law.com
          ljohnson@hq-law.com
          smurshid@hq-law.com