UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOANNA BROOKS

      **Plaintiff,**

v.                                                   Case No. 20-CV-35

SHERMAN PHOENIX LLC,
SHERMAN PHOENIX I LLC,
JOANNE SABIR,
     and
JULI KAUFMANN

      **Defendants.**

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT

Pursuant to FED. R. CIV. P. 7(b) and Civ. L. R. 7, Plaintiff Joanna Brooks ("Plaintiff") and Defendants Sherman Phoenix LLC, Sherman Phoenix I LLC, Joanne Sabir, and Juli Kaufmann (collectively "Defendants"), by their respective undersigned counsel, hereby respectfully move the Court for an Order to approve their Settlement Agreement. In support of this motion, the Parties state as follows:

1. This is an action brought by Plaintiff under the Fair Labor Standards Act ("FLSA") and Wisconsin wage and hour laws. The Parties have reached a settlement of Plaintiff's claims as alleged in the Amended Complaint. Pursuant to that settlement, in exchange for a monetary payment, Plaintiff is required to dismiss her FLSA and Wisconsin wage and hour law claims with prejudice and

release the Defendants from any further liability under the FLSA and Wisconsin wage and hour laws after Defendants' completion the settlement payments. A copy of the Parties' Settlement Agreement is being filed as Exhibit A to this motion. However, in order for a private settlement of FLSA claims to be enforceable, the settlement must be approved by the Department of Labor ("DOL") or a district court. *See, e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Adams v. Walgreen Co.*, Case No. 14-cv-1208-jps, 2015 WL 4067752, at *1 (E.D. Wis. July 2, 2015). Because the Parties believe they have reached a fair and reasonable resolution of bona fide disputed issues, they are seeking this Court's approval of their Settlement Agreement along with dismissal of the action with prejudice and without further costs to either party.

2. When reviewing the fairness of a settlement under the FLSA, a court "must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder*, 750 F. Supp. 2d at 995. An agreement that "is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel ... and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation" is normally approved. *Id*. (internal quotation and citation omitted). A court reviewing a FLSA settlement "may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the

proposed settlements for fairness." *Id*. (internal quotation and citation omitted). Courts look to the following factors:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation. *Smoot v. Wieser Bros. Gen. Contractors, Inc.*, No. 15-CV-424-JDP, 2016 U.S. Dist. LEXIS 57148, at *6 (W.D. Wis. Apr. 29, 2016)(*citing Burkholder*, 750 F. Supp. 2d at 995).

**3.** Because the Parties believe they have reached a fair resolution of disputed issues, they are seeking this Court's approval of their Settlement Agreement along an order requiring the Parties to comply with the terms of the settlement and administratively closing this matter until settlement payments are made and dismissal with prejudice can be sought.

4. After pre-litigation investigation into the claims asserted in this matter and unsuccessful attempts at pre-litigation resolution, Plaintiff's Counsel filed the Complaint in this matter on January 8, 2020. (ECF No. 1.)

5. The Parties fully briefed and argued Defendants' motion to dismiss between March and July 2020 before the matter proceeded to a scheduling conference.

6. Plaintiff's Counsel served written discovery on Defendants in this matter shortly thereafter.

7. In light of the Parties' initial discovery and responses and in consideration of the risks and expenses of continued litigation, the Parties reached an agreement in principle to resolve the claims of the Plaintiff for a total of $14,000.00 paid in three installments, inclusive of attorneys' fees and costs, on November 9, 2020.

8. Plaintiffs' attorneys' fees and costs are recoverable under the FLSA and Wisconsin wage and hour laws. See 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6). In order to keep expenses down and avoid additional briefing on an award of attorneys' fees and costs, the Parties have agreed to the reasonableness of Plaintiff's attorneys' fees and costs in the amount of $8,000.00.

9. In light of the foregoing, the Parties believe their settlement is a fair and reasonable resolution of Plaintiff's claims in light of the expense and risks of continued litigation and respectfully request this Court's approval of their Settlement Agreement.

10. Pursuant to Civ. L. R. 7, the Parties hereby certify that this Motion is submitted without a supporting memorandum of law in order to avoid further incurring attorneys' fees and costs which, if incurred, may otherwise be a barrier to the Parties' ability to resolve this matter.

WHEREFORE, for all the foregoing reasons, Plaintiff and Defendants request that the Court enter an Order approving the Settlement Agreement and administratively closing this matter until all settlement payments are made.

Dated this 20th day of January 2021.

| Respectfully submitted, | Respectfully Submitted, |
|---|---|
| _s/Shauna D. Manion_ | _s/ Timothy P. Maynard_ |
| K. Scott Wagner, SBN 1004668 | Timothy P. Maynard, SBN 1080953 |
| swagner@mzmilw.com | tmaynard@hq-law.com |
| Shauna D. Manion, SBN 1091704 | |
| smanion@mzmilw.com | |
| | |
| **Mallery & Zimmerman, S.C.** | **Hawks Quindel, S.C.** |
| 731 North Jackson Street, Suite 900 | 222 E Erie Street, Suite 210 |
| Milwaukee, WI 53202 | Milwaukee, WI 53202 |
| (414) 271-2424 (office) | (414) 271-8650 (office) |
| (414) 271-8678 (facsimile) | (414) 271-8442 (facsimile) |
| | |
| **Attorneys for Defendants** | **Attorneys for Plaintiffs** |