DocuSign Envelope ID: AB78A068-78F2-4A32-96AF-88DA4555D5BB

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into by Defendants Sherman Phoenix LLC, Sherman Phoenix I LLC, Juli Kaufmann, and JoAnne Sabir (collectively "Defendants") and Joanna Brooks ("Plaintiff"). Plaintiff and Defendants will be referred to hereinafter collectively as the "Parties" or interchangeable as a "Party"

WHEREAS, Plaintiff filed a lawsuit alleging that Defendants failed to pay her minimum wages in violation of the Fair Labor Standards Act of 1938 ("FLSA") and Wisconsin wage and hour laws as well as agreed-upon wages due under Wisconsin wage and hour laws in the U.S. District Court for the Eastern District of Wisconsin titled *Brooks v. Sherman Phoenix LLC, et al.*, Case No. 20-cv-35 ("Lawsuit");

WHEREAS, Defendants denied Plaintiff's allegations in the Lawsuit and that Plaintiff was employed by Defendants under the aforementioned laws;

WHEREAS, nothing in this Agreement is an admission or is to be construed as an admission of liability by Defendants with respect to any claims that were or could have been made by Plaintiff; and

WHEREAS, the Parties have negotiated in good faith and at arms-length to fully and finally resolve, in light of the inherent risks and expenses of continued litigation, Plaintiff' claims against Defendants and any potential claims that Defendants could assert against Plaintiff.

NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein, and other good and valuable consideration, the Parties agree as follows:

1. **RECITALS.** The Parties hereto acknowledge that the aforementioned recitals are true and correct and agree that such recitals, together with the definitions set forth therein and in the preamble to this Agreement, are hereby incorporated into this Agreement by reference.

1. **PAYMENTS DUE TO PLAINTIFF AND PLAINTIFF' COUNSEL.** In consideration of the representations and undertakings in this Agreement, Defendants will pay $14,000.00 to the Hawks Quindel, S.C. trust account be allocated as set forth below.

Payments are to be made in installments over 6 months with first payment due within 14 days of Court approval of settlement. Payments will be made as follows:

| PAYMENT DATE | AMOUNT |
|---|---|
| Within 14 days of Order Approving Settlement | $4,666.67 |
| No later 90 days after Order Approving Settlement | $4,666.67 |
| No later than 180 days after Order Approving Settlement | $4,666.66 |

Each payment shall be then apportioned as $2,000.00 to Plaintiff and the balance to Hawks Quindel, S.C. for attorneys' fees and costs incurred in this matter.

All payments as set forth in the above table shall be remitted to Hawks Quindel, S.C., Attn: Attorney Timothy P. Maynard at P.O. Box 442, Milwaukee, WI 53201-0442.

2. **BREACH AND OPPORTUNITY TO CURE.** The Parties agree that the Court will retain jurisdiction to enforce a breach of this Agreement until all payments have been made in accordance with the terms of this Agreement. In the event of missed payment by Defendants, Defendants shall have 5 business days to cure upon receiving notice (directed to Defendants' attorneys as listed in the Parties' Joint Motion for Settlement Approval) in writing via email from Plaintiffs' Counsel. Defendants shall pay all attorneys' fees and costs incurred by Plaintiff as a result of a breach by Defendants and Plaintiff may petition the Court for the same.

3. **PLAINTIFF'S RELEASE OF CLAIMS.** Effective upon the Court entering an Order approving the Parties' Settlement Agreement, Plaintiff releases Defendants from any and all known or unknown claims of any kind, which may be released by law, and which could have been asserted against Defendants on or before November 9, 2020. Notwithstanding the foregoing, this release does not apply to any claims related to the landlord/tenant relationship between the Parties pursuant to their Lease Agreement or to other claims that cannot be released by private agreement under applicable law. Plaintiff represents and warrants that she

DocuSign Envelope ID: AB78A068-78F2-4A32-96AF-88DA4555D5BB

is not presently aware of any claims she may have related to the landlord/tenant relationship between the Parties and does not anticipate making any claim against Defendants arising out of the Lease Agreement.

4. **DEFENDANTS' RELEASE OF CLAIMS.** Effective upon the Court entering an Order approving the Parties' Settlement Agreement, Defendants release Plaintiff from any and all known or unknown claims of any kind, which may be released by law, and which could have been asserted against Plaintiff on or before November 9, 2020. Notwithstanding the foregoing, this release does not apply to any claims related to landlord/tenant issues between the Parties pursuant to their Lease Agreement or to other claims that cannot be released by private agreement under applicable law. Defendants represent and warrant that they are not presently aware of any claims Defendants may have related to the landlord/tenant relationship between the Parties and do not anticipate making any claim against Plaintiff arising out of the Lease Agreement.

5. **MODIFICATIONS TO EXISTING LEASE AGREEMENT BETWEEN THE PARTIES.** The Parties agree that the terms of the Lease Agreement (attached as Exhibit A) shall remain in full force and effect through the term of the Lease Agreement, except that Article 2.3 "Option to Extend" is revoked. The Parties agree that the Lease Agreement will terminate on September 30, 2021, and Plaintiff will not be able to renew her lease with Defendants after September 30, 2021 unless further agreed to in writing by the Parties at a later date.

6. **SETTLEMENT ADMINISTRATION/DISMISSAL.** The Parties agree to work cooperatively to file a joint motion for settlement approval in this matter which asks the Court to approve the Settlement Agreement as fair, reasonable, and adequate; enter an Order requiring the Parties to comply with the terms of the Settlement; administratively close the pending litigation, and require Plaintiff to file a joint stipulation to dismissal with prejudice and without costs to either Party upon Defendants completion of all payments due under this Agreement.

7. **APPLICABLE LAW; VENUE.** This Agreement shall be governed by and construed in accordance with the laws of the State of Wisconsin and the applicable laws of the United States of America. Except as stated otherwise in paragraph 3 above, venue for any dispute concerning this Agreement is proper in the appropriate federal or state courts of Wisconsin.

8. **AUTHORITY.** The Parties agree that the persons executing this Agreement are authorized to do so on behalf of the Party for whom they are signing and thereby bind themselves and their principals.

DocuSign Envelope ID: AB78A068-78F2-4A32-96AF-88DA4555D5BB

9. **NON-ASSIGNMENT.** The Parties each represent and warrant that neither they nor any of their agents, representatives, officers, or attorneys have made or have purported to make, assign, transfer, pledge, or hypothecate, any actual or alleged claims, demands, causes of action, obligations, or liabilities which, but for such assignment or transfer, would be subject to the releases in this Agreement.

10. **CONSTRUCTION.** The Parties each acknowledge and agree that each has been represented by counsel in the negotiation and drafting of this Agreement, and that no party is entitled to have any wording of this Agreement construed against any other in the event of a dispute in connection with this Agreement.

11. **FULL DISCLOSURE.** The Parties warrant and represent that, before signing this Agreement, they (1) have fully informed themselves of its terms, contents, and conditions; (2) have received the advice of their respective legal counsel; and (3) fully understand the terms and provisions of this Agreement.

12. **EXECUTION IN COUNTERPARTS.** The Parties agree that this Agreement may be executed in multiple counterparts, each of which executed counterparts shall be deemed an original and a valid and enforceable acceptance and acknowledgement of the sufficiency of this Agreement by the Party signing, and all executed counterparts taken together shall be considered one and the same agreement. This Agreement may be executed electronically, delivered by email or facsimile, and copies of executed signature pages shall be binding as originals.

13. **ENTIRE AGREEMENT.** This Agreement constitutes the Parties' final and entire agreement respecting the matters contained herein and supersedes all previous agreements, whether written or oral, relating to such matters, and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the Parties. The Parties have not made any representations not stated herein, nor have they relied upon any representation not stated herein in deciding whether to enter into this Agreement. The provisions of this Agreement may not be changed, discharged, terminated, altered, or waived, except by an instrument in writing signed by the Parties.

**WHEREFORE**, the Parties, having fully read and understood the terms of this Agreement, have executed their signatures on the dates indicated below with the intention that they be legally bound by this Agreement.

**By Plaintiff JOANNA BROOKS**

DocuSigned by:

*JBrooks*
3815A68AB7744C5...

Signature

1/19/2021

Date

**On behalf of Defendant SHERMAN PHOENIX LLC**

Signature

Juli Kaufmann

Printed Name

Managing Member

Title

December 31, 2020

Date

**On behalf of Defendant SHERMAN PHOENIX I LLC**

Signature

Juli Kaufmann

Title

Date


### On behalf of Defendant SHERMAN PHOENIX I LLC

*[signature]*

Signature

JoAnne
Sabir

Printed Name

Co-developer

Title

01/18/2021

Date


### By Defendant JOANNE SABIR:

*[signature]*

Signature

01/18/2021

Date

Case 2:20-cv-00035-PPFiled 01/20/21Page 6 of 7Document 26-1

DocuSign Envelope ID: AB78A068-78F2-4A32-96AF-88DA4555D5BB

Printed Name

_____
Managing Member

Title

_____
December 31, 2020

Date

## By Defendant JOANNE SABIR:

_____

Signature

_____

Date

## By Defendant JULI KAUFMANN:

_____

Signature

_____
December 31, 2020

Date