UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOANNA BROOKS,

        Plaintiff,

  v.　　　　　　　　　　　　　　　　　　　Case No. 20-cv-35-pp

SHERMAN PHOENIX LLC,
SHERMAN PHOENIX I LLC,
JOANNE SABIR, and JULI KAUFMANN,

        Defendants.

---

**ORDER GRANTING JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT (DKT. NO. 26)**

---

On January 18, 2020, the plaintiff filed a complaint against the defendants asserting claims under the Fair Labor Standards Act (FLSA) and Wisconsin wage and hour laws. Dkt. No. 1. She amended the complaint on March 23, 2020. Dkt. No. 8.

The parties have filed a joint motion asking the court to approve their settlement agreement. Dkt. No. 26. The parties have attached the agreement to the motion. Dkt. No. 26-1. The agreed-upon award includes attorneys' fees and costs. Dkt. No. 26 at ¶7.

**I.    Settlement Agreement**

The Seventh Circuit has not addressed the question of whether stipulated agreements under the FLSA require court approval, but district

1

courts in the Seventh Circuit routinely require such approval. Rambo v. Global Diversified, Inc., *et al.*, No. 4:20-cv-04212-SLD-JEH, 2021 WL 262556, at *1, n.2 (C.D. Ill. Jan. 26, 2021) (citing, *e.g.*, Salcedo v. D'Arcy Buick GMC, Inc., 227 F. Supp. 3d 960, 961 & n.1 (N.D. Ill. 2016); Paredes v. Monsanto Co. *et al.*, No. 4:15-CV-088 JD, 2016 WL 1555649, at *1 (N.D. Ind. Apr. 18, 2016); Ellison v. Nisource, Inc., No. 2:15-CV-59-TLS, 2016 WL 782857, at *1-2 (N.D. Ind. Feb. 29, 2016)). But see Martin v. Spring Break '83 Prods., L.L.C., 688 F.3d 247, 255-56 (5th Cir. 2012) (finding a private settlement of an FLSA suit enforceable where there was a *bona fide* dispute between the parties over the hours worked despite the fact that no court previously had approved the settlement).

"If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Castillo v. Noodles & Co., No. 16-cv-03036, 2016 WL 7451626 at *1 (N.D. Ill. Dec. 23, 2016). If the proposed settlement is "a fair and reasonable resolution of a bona fide dispute" over FLSA provisions," courts may approve the agreements to encourage settlement of litigation. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). The court must consider whether the agreement is "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Burkholder v. City of Ft. Wayne, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. Nov. 1, 2010). Courts consider factors such as

> (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger

2

judgment; (6) the range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the range of reasonableness of the settlement fund in light of all the risks of litigation.

Paredes, 2016 WL 1555649, at *2.

The parties agreed that the defendants will pay the plaintiff and her attorneys a total of $14,000 in three installments. Dkt. No. 26 at ¶7. The $14,000 amount includes $8,000 in attorneys' fees and costs, which the parties agree is reasonable to avoid further expenses. Id. at ¶8. The plaintiff will receive $6,000. The amended complaint sought at least $62,333.56. Dkt. No. 8 at ¶33-35. The settlement agreement states that the first payment of $4,666.67 will be paid within fourteen days of this order; the second payment of $4,666.67 no later than ninety days after this order; and the third payment of $4,666.66 no later than 180 days after this order. Dkt. No. 26-1 at 2. These amounts will be divided into two portions, $2,000 going to the plaintiff and the balance to Hawks Quindel, S.C. for attorneys' fees and costs. Id. In exchange, the plaintiff releases the defendants from liability incurred on or before November 9, 2020. Id.

Regarding the first factor—the complexity, expense and likely duration of the litigation—the parties indicate only that they believe the settlement is a reasonable compromise "in light of the expense and risks of continued litigation." Id. at ¶9. As to the stage of the litigation and the amount of discovery completed, the parties recount that there were pre-litigation attempts at resolution, that they fully briefed the defendants motion to dismiss and that discovery was served (although it appears that the parties decided to settle

3

after exchanging only the initial discovery responses). Id. at ¶¶4-7. The motion does not specifically address the risks of establishing liability or damages, although their decision to settle after exchanging only initial discovery implies that such risks were sufficient to encourage settlement. Nor does the motion address the last three factors, other than to say that further attorneys' fees and costs might be a barrier to their ability to resolve the case. Id. at ¶10.

The court concludes that an agreement that will pay the plaintiff $6,000 is a reasonable compromise of the disputed issues, assuming the costs of potential future litigation. The case had been pending for a year when the parties filed this motion, and they recounted that they had tried to resolve the issues even before the complaint was filed. Because the parties were at only the initial discovery phase when they reached this agreement, it is reasonable to assume that much more litigation lay ahead and that it would have been costly. The court will approve the proposed settlement.

## II. Conclusion

The court **FINDS** that the settlement agreement (Dkt. No. 26-1) reflects a fair and reasonable compromise of a disputed claim and **GRANTS** the joint motion for court approval of settlement. Dkt. No. 26.

The court **ORDERS** that the defendant must distribute settlement checks as required by the settlement agreement: $4,666.67 within fourteen days of this order; $4,666.67 no later than ninety days after this order; and $4,666.66 no later than 180 days after this order.

The court **ORDERS** that this case is **ADMINISTRATIVELY CLOSED.** The parties must file dismissal documents within thirty days of the delivery of the final payment.

Dated in Milwaukee, Wisconsin this 16th day of March, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**